AO 91 (Rev. 11/11) Criminal Complaint (approved by AUSA P. Shapiro) #19-079

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | |
|---|---|
| United States of America<br>v.<br>Carlos Reyes<br><br>Defendant(s) | Case No. 19-1103-M |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **June 26, 2019** in the county of **Philadelphia** in the **Eastern** District of **Pennsylvania**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code, Section 1326(a) | an alien who had previously been deported and removed from the United States on or about June 20, 2007, was found in the United States, having knowingly and unlawfully reentered the United States without first applying to the Attorney General of the United States or his successor, the Secretary for Homeland Security (Title 6, United States Code, Sections 202(3), (4) and 557), for permission to reapply for admission, and without receiving in response the express consent of the Attorney General or his successor to reapply for admission. |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

BRYAN A. PACHINI, Deportation Officer, ICE
Printed name and title

Sworn to before me and signed in my presence.

Date: June 26, 2019

_____
Judge's signature

City and state: Philadelphia, PA

Hon. Lynne A. Sitarski, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT

1. I, Bryan A. Pachini, am a Deportation Officer at U.S. Immigration and Customs Enforcement ("ICE") within the U.S. Department of Homeland Security ("DHS"). I have served as a Deportation Officer with ICE since April 4, 2016. As a Deportation Officer, I conduct investigations related to violations of the Immigration and Nationality Act, specifically foreign-born nationals who have been deported from the United States and subsequently re-entered the United States illegally. I am currently assigned to the ICE Enforcement and Removal Operations Philadelphia, Pennsylvania Field Office and my duties include investigating violations of Title 8 of the United States Code.

2. I have prepared this affidavit in support of a criminal complaint charging CARLOS REYES, ("REYES"), aka Antonio Denis, because there is probable cause to believe that REYES, an alien, re-entered the United States after removal, in violation of 8 U.S.C. § 1326(a).

3. On June 26, 2019, I received information that REYES had been arrested by the Philadelphia Police Department for: Aggravated Assault; Possessing and Instrument of Crime; Simple Assault; Recklessly Endangering Another Person; and Prohibited Offensive Weapons; and that he was currently in custody at the Philadelphia Police 9th District. Based on my training and experience, I know that any time a police department or other law enforcement agency runs the fingerprints of any individual who is not a United States citizen or national, who has previously been encountered by ICE or another immigration agency, ICE receives electronic notification of this fact and any match to the alien's known fingerprint identification number. On June 26, 2019, I reviewed the electronic notification showing that the Philadelphia Police

Department had recently run REYES's fingerprints, which suggested that REYES, with FBI# 354409RC2, had been encountered by the Philadelphia Police Department.

4. On June 26, 2019, I conducted a check in the National Crime Information Center ("NCIC") database for REYES's criminal history, as well as his immigration history. Under the FBI number provided, I discovered that REYES had a previous encounter with ICE. Further checks in the Enforcement Alien Removal Module ("EARM") database were conducted for REYES's immigration history in the United States. I found that REYES had been encountered by U.S. Border Patrol Agents on April 29, 2007 for illegally entering the United States. On June 08, 2007, REYES was ordered removed from the United States by an Immigration Judge pursuant to Section 212(a)(6)(A)(i) of the Immigration and Nationality Act. On June 20, 2007, REYES was removed from the United States.

5. Based on my training and experience, I know that ICE maintains a file on all aliens encountered by ICE. This file, known as the Alien File ("A File"), contains documentation relating to the alien, including his/her photograph, warrants of deportation, fingerprints, documents reflecting criminal history, documents reflecting the country of citizenship, and other documents. Each alien is assigned an identification number, referred to as the "Alien Number." A Search of ICE databases revealed that CARLOS REYES has been assigned Alien Number 088 355 429.

6. On June 26, 2019, based on my review of DHS's electronic databases I have made the following conclusions:

    a. REYES is a citizen and national of Honduras.

    b. REYES's date of birth is June 18, 1989 and this affidavit and the Complaint to which it is attached correctly reflect REYES's name.

      c.      On May 1, 2007, REYES was served a Notice to Appear by ICE Agents pursuant to Section 212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended.

      d.      On June 8, 2007, REYES was ordered removed by an Immigration Judge pursuant to Section 212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended.

      e.      The United States, pursuant to a "Warrant of Deportation/Removal," removed REYES on or about June 20, 2007 through Chandler Arizona Williams Gateway Airport via airplane, to Honduras.

      f.      A search of ICE databases revealed that REYES did not seek permission of the United States Attorney General, or his successor, the Secretary of the Department of Homeland Security, to re-enter as required by 8 U.S.C. § 1360(d).

7.      Based on all of the foregoing, I respectfully submit that the facts set forth in this Affidavit demonstrate that there is probable cause to conclude that CARLOS REYES illegally re-entered the United States after removal in violation of 8 U.S.C. § 1326(a). I therefore respectfully ask that the Court issue a warrant ordering his arrest for such crime.

                                            BRYAN A. PACHINI
                                            Deportation Officer
                                            Immigration and Customs Enforcement

Sworn To And Subscribed Before Me
This 26th day of June 2019.

HONORABLE HON. LYNNE A. SITARSKI
United States Magistrate Judge

3